Settle order on notice.

---

## MOONEY v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. February 25, 1901.)

1. LIBEL—EVIDENCE—DAMAGES—EXCESSIVE VERDICT—NEW TRIAL.

Where a publication charged that plaintiff had lived with a man many years without being married to him, and the evidence of plaintiff's marriage depended entirely on her own testimony, and she was shown to have made contradictory statements as to the date of the marriage, and, if the statement in her verified complaint on which she had obtained a separation was true, she had lived with her husband before her marriage, and there was a verdict for the plaintiff for $7,000, it was not an abuse of discretion for the court to grant a new trial unless plaintiff would stipulate to reduce the verdict to $3,500.

2. SAME—QUESTION FOR JURY.

Where it appeared to the trial court that a verdict in libel was excessive, and a new trial was granted unless plaintiff should stipulate to reduce the verdict, such action was not improper, on the ground that it interfered with the right of the jury to determine the amount of damages.

Appeal from special term, New York county.

Action by Hester E. Mooney against the Press Publishing Company. From an order granting a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Thomas J. O'Neill, for appellant.

John M. Bowers, for respondent.

INGRAHAM, J. The action was brought to recover the damages caused by a libel. Upon the trial the jury found a verdict for the plaintiff for $7,000. The defendant made a motion for a new trial on the exceptions, and upon the ground that the verdict was contrary to law and to the evidence, and contrary to the weight of evidence, and that the damages were excessive. Upon this motion the court set aside the verdict, and granted a new trial, unless the plaintiff stipulated to reduce the verdict to $3,500. The plaintiff refused to so stipulate, and appealed from the order. It is claimed that the libel, in effect, charged the plaintiff with living many years with one James J. Mooney without being married to him; and the defendant justified, and endeavored to prove the truth of this allegation. The evidence of the plaintiff's marriage with Mooney depended entirely upon her testimony, and she was met by contradictory statements that she had made as to the date of the marriage. The defendant, to sustain this order, calls our attention to certain exceptions taken upon the trial, which it claims justified an absolute order for a new trial, and, if any of these exceptions were well taken, it would be the duty of the court to affirm this order. Serious questions are presented by these exceptions, several of which might justify the court in ordering a new trial, but it is not necessary to consider them, as we are not disposed to interfere with the exercise of the discretion, vested in the court below, in determining that this verdict was excessive. The question presented to the learned trial judge was one addressed to the sound discretion of the court, based largely upon the conditions that existed at the trial. The court was thus in a position to determine whether the verdict of the jury was based upon a proper consideration of the evidence presented, or was influenced by other motives, of which an appellate court can have no knowledge except such as appears upon the printed record; and while it might be that if he had been satisfied with the verdict, and had denied the motion, we should not have been justified in interfering with it upon the ground upon which he based his action, considering the size of this verdict, the plaintiff's contradictory statements as to the time of her marriage, the fact that if her statement in the verified complaint upon which she obtained a judicial separation from Mooney was true she had been living with Mooney for years before her marriage to him, we cannot say that the court improperly exercised its discretion in determining that the verdict was excessive. The order appealed from did not determine the action. It allowed the parties to again submit the question of damages to a jury in the event that the plaintiff was not satisfied with the amount that the judge considered would be the proper verdict in case the plaintiff recovered. There is nothing in this action which interfered with the principle that, in actions of this character, the amount of damages is always to be determined by the jury. It is simply a statement that in the opinion of the court the amount awarded is so in excess of that justified by the evidence that other motives than that of determining from the evidence the correct amount of

damages influenced the jury, and, in considering that question, the various incidents arising upon the trial, of which a case on appeal can present but an imperfect record, are always an important element. We conclude, therefore, that we would not be justified in this case in interfering with the determination of the trial judge, but that, under all the circumstances, the question of the amount of damages should be submitted to another jury.

It follows that the order appealed from must be affirmed, with costs. All concur.